UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IRA REYNOLDS and PATRICIA BELL
individually and on behalf of all others
similarly situated,

                                                                        Case No. 4:14-cv-00381-WS-CAS

    *Plaintiffs*,

    v.

WAL-MART STORES, INC.,

    *Defendant.*

_____

**PLAINTIFFS' RESPONSE TO WAL-MART'S NOTICE OF FILING
HEARING EXHIBITS**
_____

| | |
|---|---|
| Tim Howard, J.D., Ph.D. | Andre M. Mura |
| Florida Bar No.: 655325 | D.C. Bar No.: 492837 |
| HOWARD & ASSOCIATES, P.A. | CENTER FOR CONSTITUTIONAL |
| 2120 Killarney Way, Suite 125 |   LITIGATION, P.C. |
| Tallahassee, FL 32309 | 777 6th Street, N.W., Suite 520 |
| Telephone: (850) 298-4455 | Washington, DC 20001 |
| Fax (850) 216-2537 | Telephone: (202) 944-2860 |
| tim@howardjustice.com | Fax: (202) 965-0920 |
| | andre.mura@cclfirm.com |
| | |
| | *Attorneys for Plaintiffs* |

Plaintiffs Ira Reynolds and Patricia Bell, individually and for others similarly situated, respectfully file this timely response to Wal-Mart's Notice of Filing Hearing Exhibits. *See* ECF No. 33, at 1 (noting a seven-day deadline).

Plaintiffs have no objection to Exhibits A and B, which appear to be accurate copies of the labeling at issue in this consumer fraud suit. Also, Plaintiffs do not object to the Court's consideration of Exhibit C—a four-page chart Defendant Wal-Mart Stores, Inc. has prepared which selectively quotes from the Complaint and federal law. Plaintiffs certainly disagree, however, that this chart establishes Wal-Mart's compliance with federal law. Plaintiffs have fully addressed, in briefing and at the hearing on Defendant's Amended Motion to Dismiss, why the challenged aspects of Wal-Mart's label are neither required nor authorized by federal law, and indeed violate federal law. Wal-Mart's chart fails to refute these arguments.

Wal-Mart's chart is deficient for a separate reason already identified by Plaintiffs: FDA regulations do *not* "mark[] the metes and bounds of all possible misleading material on juice labels[.]" Br. for the U.S. as Amicus Curiae 26, *Pom Wonderful LLC v. Coca-Cola Co.*, 134 S. Ct. 2228 (2014), 2014 WL 827980, at *26 (hereinafter "SG Brief"). As to matters not specifically addressed by regulation, the FDA itself disclaims any "exclusive" authority. *Id*. Moreover, the FDA has consistently warned "that information on a food label may be insufficiently prominent or conspicuous, or misleading, for 'reasons' 'other' than those specifically enumerated." *Id*. at *30 (citing 21 C.F.R. 101.15(a); 58 Fed. Reg. 2897, 2920 (Jan. 6, 1993); FDA, *A Food Labeling Guide* 12 (Jan. 2013). According to the FDA, "even when a manufacturer complies with 21 C.F.R. 102.33, there remains considerable

1

potential for particular labels to prove misleading." *Id*. For these reasons, Wal-Mart's suggestion that its chart identifies a regulation with preemptive status authorizing or requiring *each* of the challenged aspects of its label is profoundly mistaken.

Wal-Mart's contrary view is a 'field' pre-emption argument. For instance, Wal-Mart's chart fails to identify presentation standards requiring or authorizing the design features of this label, including the vignette, placement of lettering, and typesize of any other words, such as "blend" or "flavored." Pls.' Resp. in Opp. to Def.'s Am. Mot. to Dismiss 15-19 (ECF No. 18). Even so, Wal-Mart insists that Plaintiffs cannot establish that these features are misleading under state law because federal regulations establish *some* presentation standards, such as for the phrase "from concentrate," and these are all of a type. The FDA, Wal-Mart is saying, has dipped its toes in these waters, and by doing so has displaced all state authority over misleading labeling, even as to matters not specifically required or authorized by federal law.[1]

Wal-Mart is wrong. Congress drafted a limited express pre-emption clause which only bars select non-identical requirements it identified as having pre-emptive effect.[2] These requirements address *some* aspects of juice labeling but *not others*. They do not cover the waterfront. Hence, federal law "permits *some* state unfair-competition claims and bars *others*." SG Brief 25, 2014 WL 827980, at *25 (emphases added). Given the limited scope of express pre-emption, the *absence* of a federal regulation authorizing or requiring

---

[1] As already discussed, Wal-Mart is not even in compliance with the type-size requirement for the words "from concentrate." Pls.' Resp. in Opp. to Def.'s Am. Mot. to Dismiss 18 n.12.

[2] Pls.' Resp. in Opp. to Def.'s Am. Mot. to Dismiss 7-11.

2

a specific labeling feature is clearly an insufficient basis on which to conclude that a state consumer fraud suit is pre-empted by federal law. *Cf*. SG Brief 28-29, 2014 WL 827980, at *28-*29.

Wal-Mart made many choices in designing its labeling. None of its choices are blessed by federal law, because none are required or authorized by federal law, and indeed its labeling violates federal law. Simply put, there is *no* chart Wal-Mart could design which identifies a pre-emptive federal regulation authorizing or requiring each and every aspect of its challenged label.

With those caveats in mind, Plaintiffs do not object to the Court's review of Wal-Mart's Exhibits, including its chart.

Date: January 22, 2014                              Respectfully submitted,

/s/ Andre M. Mura
Andre M. Mura
CENTER FOR CONSTITUTIONAL
   LITIGATION, P.C.
777 6th Street, N.W., Suite 520
Washington, DC 20001
Telephone: (202) 944-2860
Fax: (202) 965-0920
andre.mura@cclfirm.com

Tim Howard, J.D., Ph.D.
Florida Bar No.: 655325
HOWARD & ASSOCIATES, P.A.
2120 Killarney Way, Suite 125
Tallahassee, FL 32309
Telephone: (850) 298-4455
Fax (850) 216-2537
tim@howardjustice.com

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of January, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notice of electronic filing to all attorneys of record.

/s/ Andre M. Mura
Andre M. Mura

4